UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                       Case No. 15-55851

SAWSAN AZIZ,                                 Chapter 7

                 Debtor.                              Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE DEBTOR'S
MOTION TO REOPEN BANKRUPTCY CASE**

This case is before the Court on the Debtor's motion, filed December 4, 2020, entitled "Exparte Motion to Reopen Chapter 7 Case and Entry of Discharge" (Docket # 18, the "Motion"). The Motion seeks to reopen this case to enable the Debtor to file a Financial Management Course Certificate (the "Certificate"), and then receive a discharge. This case was closed on February 9, 2016, without a discharge, due to the Debtor's failure to timely file the Certificate. ***Thus, the Motion was filed four years and eight months after this case was closed.*** For the following reasons, the Court will deny the Motion.

**A. Background**

With the assistance of his attorney, the Debtor filed a voluntary petition for relief under Chapter 7 on October 30, 2015, commencing this case. That same day, the Clerk issued a notice that the first meeting of creditors would be held on December 9, 2015 at 9:30 a.m. (Docket # 5, the "Notice"). On October 30, 2015, the Notice was served by the Bankruptcy Noticing Center by email on the Chapter 7 Trustee, the Debtor's attorney, and some of the creditors, and on November 1, 2015, the Notice was served by the Bankruptcy Noticing Center by mail on the Debtor, and the remainder of the creditors (Docket # 7).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file a

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> > (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> > (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> . . .
>
> > (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
> > (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in
2

Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was February 8, 2016.[5]

The Debtor failed to file the Certificate by the February 8, 2016 deadline, or at anytime thereafter while the case remained open. The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On February 9, 2016, after the case had been fully administered, the case was closed without a discharge, due to the Debtor's failure to file the Certificate. (Docket # 16). Notice of the Final Decree entered that day (Docket # 17) was served on the Debtor's counsel by e-mail on February 9, 2016, through the Court's ECF system. And a notice that the Debtor's bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by mail on February 11, 2016 on all creditors, and on the Debtor. (Docket # 17). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course." (*Id.*)

Four years and eight months later, on December 4, 2020, the Debtor filed the Motion (Docket # 18). The Motion states: "On February 4, 2016 the Debtor Completed the Instructional Financial Management Course." (Mot. at ¶ 2.) But the Certificate still has not been filed, and a copy of it was not attached to the Motion.

---

section 111[.]

[5] Sixty days after the first date set for the first meeting of creditors (December 9, 2015) was Sunday, February 7, 2016. The next day that was not a Saturday, Sunday, or legal holiday was Monday, February 8, 2016. Therefore, the deadline was Monday, February 8, 2016. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

**B. Discussion**

The Motion does not allege or demonstrate any reason, let alone a valid excuse, (1) why the Debtor failed to timely file the required Certificate, more than four and a half years ago, if, as he says, he completed the financial management course on February 4, 2016;[6] or (2) why the Debtor waited for more than four and a half years after this case was closed before he moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[7] and Local Bankruptcy Rule 5010-1[8] govern motions to reopen a case for the purpose of filing a Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtor seeks to reopen the case to move for an order granting the Debtor a retroactive extension of time to file the Certificate, so the Debtor can obtain a discharge. "It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22,

---

[6] There is still no evidence in the record that the Debtor actually completed his financial management course on February 4, 2016. As noted above, no Certificate was filed with the Motion.

[7] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[8] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

2016) (citation omitted). The Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Certificate)] . . . only to the extent and under the conditions stated in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Certificate within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett,* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate

5

until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in several cases, where the delay ranged from 10 months to more than 11 and a half years. *See In re Smith*, 620 B.R. 888 (Bankr. E.D. Mich. 2020) (delay of two and a half years); *In re Suell*, 619 B.R. 642 (Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D. Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich. 2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15 months); *Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year); *Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017)

6

(delay of almost 11 months).

The Court will apply this four-factor approach in this case. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to grant the Debtor a retroactive extension of more than four and a half years of the deadline to file the Certificate.

*Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not allege or demonstrate any reason, let alone a valid excuse, (1) why the Debtor failed to timely file the required Certificate, by the February 8, 2016 deadline, which was more than four and one half years ago; or (2) why the Debtor waited more than four and a half years after this case was closed on February 9, 2016 before he moved to reopen it. This factor, therefore, weighs against granting the Motion.

The Motion alleges, in relevant part, that the Debtor completed the financial management course on February 4, 2016. But the Motion does not explain why, if the Debtor completed the financial management course 4 days before the February 8, 2016 deadline to file the Certificate, the Certificate was not filed by the deadline, nor was any action taken to correct the failure to do so for more than four and a half years. Even assuming that the Debtor failed to provide counsel with the Certificate, or that the Debtor's counsel received the Certificate, but through inadvertence or neglect, failed to file the Certificate by the deadline, neither the Debtor nor the Debtor's counsel can reasonably and credibly allege that they were unaware of the problem, after they both received the Notice of the Final Decree in February 2016, which clearly stated that the Debtor's case had "been closed without entry of discharge" because the Debtor "did not file Official Form 423, Certification About a Financial Management Course."[9]

---

[9] The Debtor does not allege that he did not receive this notice in the mail.

The Motion also does not explain why the Debtor waited more than four and a half years after the case was closed to check on his bankruptcy case, and to move to reopen the case. As already stated, the Debtor was informed, by the notice described above, which was mailed to him on February 11, 2016, that his case had been closed without a discharge, and why it had been so closed.[10] Yet the Debtor and his attorney did nothing to try to rectify this for more than four and a half years. And the Motion alleges no valid excuse for such an extremely long delay by the Debtor.

*Factor 2: whether the request was timely*

The delay here, of more than four and a half years in filing the Certificate and moving to reopen this case, is far too long.[11] Such a long delay frustrates the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the court explained:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
> . . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the

---

[10] As noted above, the Motion does not allege that the Debtor did not receive this Notice. And there is no indication in the record that the mailing was returned undelivered by the post office.

[11] As stated above, there is no evidence in the record that the Debtor has of this date, completed a financial management course.

> financial management course.  Allowing a debtor to take the
> financial management course years after its target completion
> provides no educational benefit to the debtor for the intervening
> years and denigrates its purpose. Moreover, it maligns the integrity
> of the system and its fairness to all parties....**It is unfair to
> creditors to allow a debtor to avoid the responsibilities
> established by the bankruptcy code and rules, only to later
> want to fulfill those requirements when faced with a resulting
> unpleasantness**."

*Chrisman*, 2016 WL 4447251, at *1, *2 (emphasis added) (quoting *Heinbuch*, 2016 WL 1417913, at *2 ).  In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3.

Here, although the Debtor allegedly complied with the requirement to take the financial management course, he failed to comply with the filing requirement to obtain a discharge.  The magnitude of the Debtor's delay in this case is significant, and this factor strongly weighs against granting the Motion.

### *Factor 3: whether fault lies with counsel*

The Debtor was represented by counsel in this case at all times until the case was closed, but the Debtor did not allege in the Motion that his failure to timely file a Certificate was the fault of his counsel.  The fault for failing to timely file a Certificate was entirely due to the Debtor's own fault and neglect.  This factor weighs against granting the Motion.

### *Factor 4: whether creditors are prejudiced*

In *Chrisman*, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive,

9

at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is shorter than the delay in *Chrisman*, but it is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a long delay. This factor therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 18) is denied.

2. The Debtor is not prohibited from filing a new bankruptcy case.

**Signed on December 7, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**